UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELFINO FLORES-CORTES,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>Respondents. | CASE NO. 2:26-cv-04483-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Dkt. No. 1. Having reviewed the petition, Respondents' "Abbreviated Return" (Dkt. No. 6), Petitioner's "Notice of Respondents' Failure to File a Return and Request for Immediate Ruling on Habeas Petition" (Dkt. No. 7), and the relevant record, the Court GRANTS the petition.

//

//

## I. Discussion

The Court notes that this petition is essentially unopposed. Respondents have "abbreviated" their opposition to the petition, asserting in total:

> Pursuant to this Court's Scheduling Order (Dkt. No. 4), Federal Respondent submit[s] that Petitioner challenges the legal sufficiency of a custody redetermination hearing they received from the immigration court. Federal Respondent request[s] that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1.

Dkt. No. 6 at 1.

Petitioner asserts that he previously filed a petition for writ of habeas corpus in this District, *Flores-Cortes v. Scott*, No. C26-3723, and that that petition was denied because, among other reasons, "[t]he parties agreed that Petitioner qualified for an individualized bond hearing under *Rodriguez Vazquez v. Bostock*" and nothing prevented Petitioner from "requesting the bond hearing to which he was entitled." Dkt. No. 1 at 4. On November 9, 2026, Petitioner appeared for a custody redetermination hearing, at which Immigration Judge Tammy L. Fitting denied bond or conditional release, finding that Petitioner presented both a danger to the community and a flight risk. *Id.* at 4–5. Petitioner alleges that this "bond determination [wa]s **arbitrary, conclusory, reflective of an abuse of discretion, and devoid of any reasoned or individualized analysi**s and unsupported by the record" and that his continued detention arising from that unlawful denial of bond is therefore unconstitutional. *Id.* at 1.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that parties

represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). Respondents are represented by competent counsel. *See* Dkt. No. 5 (notice of appearance). The Court will not fill in the blanks for Respondents and, indeed, is "require[d] to do the opposite." *Ponzon Deroy v. Warden*, No. 5:26-cv-05972, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026).

Here, Petitioner presented evidence at his bond hearing that he has a fixed residence available with his United States citizen nephew in Lake Stevens, Washington; has resided in the United States for approximately twenty-three years; has substantial family ties in Washington, including to his United States citizen nephew and brothers; has a longstanding employment history as a painter; has no demonstrated history of failing to appear for immigration proceedings; has a limited criminal history consisting of a pending 2026 DUI charge (although his BAC was below the legal limit); has no evidence of attempting to flee prosecution, evade immigration authorities, or otherwise escape from law enforcement; and has substantial incentives to appear for removal proceedings because he is actively pursuing asylum, withholding of removal, and protection under the Convention Against Torture. Dkt. No. 1 at 9–10. He alleges that the IJ abused her discretion by failing to meaningfully address this substantial and relevant evidence in Petitioner's favor. *Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011)). Respondents' non-opposition represents a concession of the facts presented in the habeas petition, a concession that Petitioner's position has merit, and a forfeiture of any argument that they might have made against it. *See Ponzon Deroy*, 2026 WL 3132157, at *2 (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, No. 5:26-cv-05229, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). Consequently, the petition should be granted based on

the Respondents' "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

## II. CONCLUSION

Accordingly, Petitioner's petition (Dkt. No. 1) is GRANTED. It is hereby ORDERED:

(1) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(a) SHALL release Petitioner from detention **within twenty-four (24) hours** under appropriate conditions of release;

(b) SHALL submit to the Court, **within seven (7) days** of Petitioner's release from detention, a declaration or status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 23rd day of November, 2026.

Tana Lin
United States District Judge